UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIGUEL DIAZ,

                     Petitioner,

-against-

ATTICA CORRECTIONAL FACILITY,

                     Respondent.

20-CV-0262 (CM)

ORDER OF DISMISSAL

COLLEEN MCMAHON, Chief United States District Judge:

Petitioner, currently incarcerated in Attica Correctional Facility, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 challenging his June 28, 2018 conviction in the New York Supreme Court, Bronx County. For the reasons set forth below, the Court denies the petition without prejudice.

**STANDARD OF REVIEW**

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a § 2254 petition without ordering a responsive pleading from the state "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not

exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

In a judgment entered on June 28, 2018, the New York State Supreme Court, Bronx County, convicted Petitioner, upon a plea of guilty, of reckless endangerment in the first degree. Petitioner appealed his judgment of conviction to the New York State Supreme Court, Appellate Division, First Department. Petitioner does not provide the date on which he appealed his conviction, but he states that the appeal is currently pending before the Appellate Division. (ECF No. 1, at 2.)

## DISCUSSION

Before a petitioner can seek federal *habeas* relief, § 2254 requires exhaustion of all available state remedies. 28 U.S.C. § 2254(b); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982). A *habeas* petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." § 2254(c). In other words, if the State provides a procedure, a *habeas* petitioner must take advantage of that procedure before coming to federal court. The state judicial system must be given the first opportunity to review the errors raised by a petitioner before this Court may review a petition for a writ of *habeas corpus* brought under § 2254. *See Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003).

In order to exhaust his claims for purpose of *habeas corpus* review, a petitioner must wait for the Appellate Division to decide the outcome of his appeal. If the petitioner is adversely affected by the court's decision, he must seek leave to appeal to the New York Court of Appeals, the highest state court. N.Y. Crim. P. L. § 460.20; *see Bagley v. LaVallee*, 332 F.2d 890, 892 (2d Cir. 1964). If the petitioner files any N.Y. Crim. P. L. § 440.10 motions and/or other collateral

motions, he must completely exhaust the claims in those motions by seeking leave to appeal to the New York State Supreme Court, Appellate Division. *Ramos v. Walker*, 88 F. Supp. 2d 233 (S.D.N.Y. 2000).

Because Petitioner alleges that he has not fully exhausted his state court remedies, the petition is denied as prematurely filed. After Petitioner has fully exhausted his state court remedies to the Court of Appeals, he may file his *habeas corpus* petition in this Court.

## CONCLUSION

The Clerk of Court is directed mail a copy of this order to the Petitioner and note service on the docket. The Petitioner's application for a writ of *habeas corpus* under 28 U.S.C. § 2254 is denied without prejudice.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: January 31, 2020
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge